# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KYLE SPUHLER AND NICHOLE SPUHLER,**

  Plaintiffs,

 v.           Case No. 16-CV-1149

**STATE COLLECTION SERVICE, INC.,**

  Defendant.

## DECISION AND ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR AGREED PROTECTIVE ORDER

On December 1, 2016, the plaintiffs filed an unopposed motion for agreed protective order. (Docket # 13.) For the reasons I will explain below, I decline to adopt the proposed protective order. However, I invite the plaintiffs to supplement their motion with a motion to address the deficiencies in the proposed order.

The court cannot enter a generic protective order concealing unspecified amounts and types of information. This is because pretrial discovery must, as a general proposition, occur in the public eye, unless compelling reasons exist for limiting the public's access. *American Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir.1979); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir.1999) (noting presumption of public access to discovery materials). Rule 26(c) of the Federal Rules of Civil Procedure allows the court, for good cause, to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton*, 178 F.3d at 946. In this

case, the proposed protective order states that material may be designated as "Confidential" when a person believes in good faith that it contains "trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information." (Docket # 13-1 at 2.)

There is "no absolute privilege for trade secrets and similar confidential information." *Federal Open Market Comm. of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979). Documents cannot be kept confidential simply because a party asserts the documents are by their nature confidential documents. *See Baxter Internat'l Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002) (finding that a document cannot be deemed confidential "because we say so"). Further, a document cannot be confidential based on conclusory statements that a party will be harmed. *See id.* (finding that a document cannot be deemed confidential on the ground that it could "harm [defendant's] competitive position"). Rather, to establish "good cause" and protect confidential business information under Rule 26(c), the party seeking confidentiality must show a "clearly defined and very serious injury" that will result from disclosure. *Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009) (internal citation and quotation omitted). Accordingly, so I can determine whether good cause exists to secret the documents, the plaintiffs should describe the number of documents and the nature of the documents, as well as the specific injury that will occur if the documents are disclosed.

Additionally, in reviewing the proposed protective order, I find two additional deficiencies. First, the plaintiffs have not made explicit that any interested member of the public can challenge the secreting of particular documents, as required by *Citizens First Nat'l Bank of Princeton*. 178 F.3d at 946. While the proposed order provides a procedure for the parties to challenge the designation of confidentiality, the proposed orders fail to provide a procedure for members of the public to

- 2 -

challenge the confidentiality designation. This should be addressed in any revised proposed order. Second, the proposed protective order does not contain language limiting its applicability to pretrial discovery. Any revised proposed order must make explicit that the agreement is limited to pretrial discovery. *See id*. at 945.

In sum, to address the deficiencies in the motion for a protective order, the plaintiffs must establish good cause for entry of the order through specific and particularized facts. Further, a revised protective order proposal should include a mechanism for any interested member of the public to challenge the confidential designation of a document and should be limited to pretrial discovery. I invite the plaintiffs to address these inadequacies and file a modified motion and proposed protective order. If the modified motion and protective order are consistent with the requirements of Rule 26(c) and Seventh Circuit case law, I will enter it.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiffs' unopposed motion for agreed protective order (Docket # 13) is **DENIED WITHOUT PREJUDICE**. I will not enter the parties' protective order as currently proposed. However, I invite the plaintiffs to address the deficiencies articulated in the decision and file a modified motion and proposed protective order. The plaintiffs are to file any modified motion and proposed protective order by **December 15, 2016**.

Dated at Milwaukee, Wisconsin this 1st day of December, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge