UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

KYLE SPUHLER AND NICHOLE
SPUHLER, ET AL.,

      Plaintiffs,                               CASE NO. 16 CV 1149

v.

STTE COLLECTION SERVICES, INC.,

    Defendant.
_____

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
RULE 45 MOTION TO QUASH SUBPOENAS**
_____

## INTRODUCTION

In this FDCPA case filed the Plaintiffs claim they received some twelve (12) letters over a one year period relating to at least four different balances stating the amount of certain unpaid medical debts owed to their various medical providers. These letters were initial and subsequent letters on the accounts, and if the letters included accrued interest, the amount in the letters always showed the amount of the debt including interest as of the date of the letter. Though the letters may have included interest in the balance expressed in the letters, Plaintiffs claim the letters did not inform them that the debts may be accruing interest, allegedly in violation of the FDCPA. And Plaintiffs also allege that if the debts were accruing interest, seeking to collect such interest amounts to a violation of the FDCPA.

Plaintiffs knew that interest was included in the letters. ECF #18, ¶12. The Plaintiffs do not allege that they paid any of the debts, nor that they paid any interest on the debts. ECF #18, para. 8-14. Nor do they allege that they disputed the debts in response to the receipt of initial letters.

1

ECF#18, ¶ 10.[1] They claim that as a result the Defendant violated 15 U.S.C. 1692e(2)(a), for falsely representing the amount of the debt, and 1692f(1), for seeking to collect interest on the debt.

In addition to what is now three waves of discovery requests to the Defendant, Plaintiff has issued first three, and now—on February 17, 2017, four more third-party subpoenas for the production of documents to clients and professional accountants who work for Defendant. At issue in this motion are the subpoenas directed to three health care provider/clients of State Collection, Waukesha Memorial Hospital, Inc., Waukesha Health System Inc. d/b/a Behavior Medicine Center and Prohealth Care Medical Associates, Inc., and the accounting firm for State Collection, RSM, US LLC. The subject subpoenas are attached hereto as **Exhibits A (collectively, healthcare providers' subpoenas)** and Exhibit B **(the accounting firm subpoena)** respectively and are incorporated herein by reference.

The Subpoenas request information in the possession of and under the control of Defendant. Because Plaintiff requested documents within Defendant's control, such as its own financial statements, contracts, tax returns, email and other communications, Defendant can think of no reason why Plaintiff would issue the subpoenas to these non-parties prior to a request for the documents directly from Defendant other than to interfere with and harm Defendant's business relationships. And this is the second set of subpoenas served to the healthcare providers which in part request the same documents again (Attached as Exhibit C).[2] Moreover, the Defendant has provided a partially redacted financial statement to counsel for Plaintiff voluntarily in an informal attempt to show that class treatment of claims raised in this case are inappropriate. See attached Declaration of Plaintiff's counsel, Exhibit D. No objection was made to the statement, no request was made for more information. Frankly no response was

---

[1] In their allegations they "contest the validity" of the debts in the Complaint, but do not allege that they contested, or disputed the debts to the debt collector at any point in time before the date of the Complaint.
[2] Defendant believes this even more so illustrates the effort to undermine the Defendant in the eyes of its clients.

2

received whatsoever, except requests for more discovery.

Aside from seeking documents through "normal" channels from the Defendants, before imposing an undue burden on non-parties, where proper objections can be made or where documents can be obtained, the Subpoenas are improper because they request confidential and proprietary information of Defendant and information which is simply not subject to a valid discovery request. Tax returns and all information related to preparation and filing of tax returns is not only confidential in the first instance but is not relevant nor proportional to the needs of this case. Other requests in Plaintiff's subpoenas are equally overbroad, unduly burdensome, served for an improper purpose, and are not relevant nor proportional to the needs of this case. Nor is there any evidence written or oral, that supports any claim that documents provided are doctored, tailored, or otherwise manipulated that could give rise to a claim that seeking documents from the source is the only way to ensure authenticity (as in the case of the financial statements) as was suggested by Plaintiffs' counsel at conference. Because Plaintiff has attempted to avoid the proper procedural process for obtaining this information, Defendant has been required to file this motion in an effort to protect its confidential information and to alleviate the undue burden Plaintiff has improperly placed on Defendant's valued clients and its professional accountants.

## **LEGAL BACKGROUND**

Federal Rule of Civil Procedure (FRCP) 45(d)(1) states, "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The rule goes on to say district courts "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." *Id.* Rule 45(d)(3)(A) requires courts to quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). A subsequent portion of Rule

45(d) permits district courts, in order "[t]o protect a person subject to or affected by a subpoena," to modify or quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(d)(3)(B)(i). A "party seeking to quash a subpoena bears the burden to demonstrate that compliance would be unreasonable or oppressive." *U.S. v. Corbett*, 2008 WL 2095740 at *1 (E.D. Mo. May 16, 2008).

Similarly, FRCP 26(c)(1) allows parties or persons from whom discovery is sought to move for a protective order. The rule requires the moving party to certify that they, in good faith, "conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Upon such certification, and a showing of good cause, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* The rule goes on to provide a number of requirements, prohibitions, and instructions the court can include in its protective order. Fed. R. Civ. P. 26(c)(1)(A)-(H).

## ARGUMENT

Defendant first submitted a written objection to Plaintiffs' counsel on February 24, 2017. An informal conference was then held with the court on March 2, 2017. This motion follows.

    **a. The Healthcare Providers Subpoena**

With respect to the subpoenas served upon the three health care providers, Waukesha Memorial Hospital, Inc., Prohealth Care Medical Associates, Inc., and Waukesha Health System, Inc., dba Behavior Medicine Center, Defendant objects to the request which seeks to obtain from them confidential information and contracts that include rates and services which have been keenly negotiated and includes trade secrets:

    1. "All financial statements (draft, complete, or partial) that you have received from Defendant State Collection Service[s] from 2014 to the present."

4

Case 2:16-cv-01149-NJ   Filed 03/03/17   Page 4 of 13   Document 22

2. "All contracts between yourself and State Collection Service[s] for the collection of medical debt involving the Plaintiffs."

Because the healthcare providers are not parties to these proceedings and because they have been previously subjected to an earlier round of subpoenas to which the Defendant did not object (attached hereto as Exhibit C) Defendant also objects to the following additional requests contained in the subpoenas:

3. "Any information related to debts you have placed with the Defendant State Collection related to the Plaintiffs. Such information shall be sufficient to show the principal balance owed at the time of placement.

4. "A copy of any and all bills you claim are outstanding from services your company offered to Plaintiffs or their minor children. These bills should also include a calculation of how the amount was arrived upon. This specifically includes bills you hired State Collection Services, Inc. and/or Heuer Law Offices, S. C. to collect.

5. Your policies, procedures or practices related to the charging of interest on unpaid balances of medical bills."

Defendant has provided Plaintiff with a financial statements for the year of 2015, which also included prior year entries for 2014. Thus this request is burdensome and redundant to start with, but the fact that Plaintiff is seeking the same information from Defendant's clients serves to harass the client at defendant's expense. Indeed this is the second set of subpoenas that were served upon the clients, which further highlights the duplication and burden that Plaintiff seeks to impose on them.

Moreover, financial statements provided to any third party or client are provided in a confidential setting, and include confidential information some of which was redacted from the statement previously provided Plaintiff. No objection was made to the redacted version of the statement.

5

Second, the contracts between State Collection and its clients are equally confidential as a contract which results from sensitive negotiations of rates and services, and includes other trade information and trade secrets which are the property of State Collection and its clients. The contracts contain such information and should not be disclosed and are entitled to protection. But to be sure, State Collection very recently provided the redacted copy of the contract.

**b. The Accounting Firm Subpoena**

With respect to the subpoena upon RSM US, LLP, the accounting and auditing firm that prepares tax returns and financial statements for State collection Service, Inc., Defendant objects to all of the requests in the subpoena as follows:

a. "All financial statements (draft, complete, or partial) that you have provided to the Defendant State Collection Service[s] from 2014 to the present.

b. All communications related to the preparation of a financial statement for the Defendant State Collection dated April 1, 2016.

c. All drafts of a financial statement you prepared for Defendant State Collection dated April 1, 2016.

d. All financial statements for any purpose and in a ny format made for the Defendant State Collection Service[s] from 2014 to the present.

e. All tax returns you have prepared for the Defendant State Collection Service[s] for the years 2014 to the present. This shall include all drafts supporting schedules, or other related documents.

f. All communications related to the preparation of the tax returns for the Defendant State Collection Service[s] for 2014 to the present.

g. All financial statements (draft, complete, or partial) that you have provided to the Defendant State Collection Service[s] from 2014 to the present for purposes of the Fair Debt Collection Practices Act, or other litigation purposes."

### 3. First requesting Documents from Defendant

Defendant submits that the Subpoenas are improper because the Plaintiff could have, but did not, request the documents directly from the Defendant. In defendant's view the requests are unduly burdensome to its valued clients and professional accounting firm, putting them in the middle of a case that does not involve them and thus violates FRCP 45(d)(1). See *Ireh v. Nassau Univ. Med. Ctr.*, 2008 U.S. Dist. LEXIS 76583, at *5 (E.D. N.Y. Sept. 17, 2008); see also *Echostar Comms. v. The New Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (denying motion to compel as to non-parties because plaintiff had not exhausted discovery against the defendant).

A court "must limit the frequency or extent of discovery otherwise allowed by [the rules] if it determines . . . the discovery sought is unreasonably cumulative or duplicative, or *can be obtained from some other source* that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). District courts, on the basis of both FRCP 26(b) and 45(d), have found it practical in certain situations to require the subpoenaing party to make an attempt to obtain information from a party first. *See, e.g.*, *Ingersoll v. Farmland Foods, Inc.*, 2011 WL 1131129 at *8 (W.D. Mo. March 28, 2011) (finding the discovery sought from the non-party to be "overly broad and unduly burdensome" and citing FRCP 26(b)(2)(C)(i)) ("[W]hile non-party discovery can be undertaken, at this point in time there is no indication that plaintiffs cannot get the same or similar information from defendant[.]"); *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 2013 WL 5276124 at *6 (N.D. Iowa Sept. 17, 2013) (emphasizing potential harm to the non-party but also mentioning CBS' (a party's) equal access to the requested documents) ("The Court reaches the same conclusion regarding Aereo's request for all documents relating to CBS' investment in Syncbak, and

7

the negotiations leading to that investment.  Moreover, CBS has equal access to those documents, and Aereo has asked CBS to produce the documents in the underlying action."); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena.") (citing *Cantrell v. U.S. Bioservices Corp., et al.*, 2009 WL 1066011 at *2 (W.D. Mo. 2009), where the court found a subpoena to be "unduly burdensome" on a non-party under FRCP 45).

In this case, Defendant has already provided the Plaintiffs *inter alia*, a copy of its contract, and a copy of the 2014-2015 financial statement.  Plaintiff should attempt to procure the requested documents from Defendant before serving these third parties with a subpoena. Here, there is no indication the discoverable information to which Plaintiff may be entitled cannot be produced by Defendant. Requiring Plaintiff to initially seek the information at issue from Defendant relieves the accounting firm and the healthcare providers (non-parties) from a burdensome task and provides Defendant with better opportunities to object to requests for the production of sensitive documents. For these reasons the Court should quash the subpoenas.

### 4. Issues of Overbreadth, Undue Burden, and Standing

First, Defendant submits that the subpoenas are overbroad and burdensome, specifically pointing to the breadth of both the subpoena's general request ("all financial statements (drafts, complete or partial;  all tax returns for 2014 to the present; all communications related to the preparation of the tax returns;  all financial statements prepared for purposes of the Fair Debt Collection Practices Act." *See*, Exhibits A and B.) Further, the subpoena's requests are "unlikely to lead to the discovery of information," that is both relevant to issues in this case and proportional to the needs of the case.  For example tax returns, actually *income* tax returns are not relevant to any issues in this case, not even the issue of class certification or Superiority of class treatment since

8

those determinations are based upon an assessment of net book value, not income or the goodwill value of the company. *Sanders v. Jackson,* 209 F.3d 998, 1004, 178 A.L.R. Fed. 649 (7th Cir. 2000) "goodwill should not factored into the calculation of the defendant's net worth."); *Saunders v. Berks Credit & Collections, Inc*., 2002 U.S. Dist. LEXIS 12718 (E.D. Pa. July 11, 2002). Defendant believes that Plaintiffs' purpose in issuing the subpoenas is to embarrass Defendant and damage its relationship with its institutional clients and professional accountants, non-parties who have now had to provide its own counsel to object to the subpoenas. See Exhibit D, attached.

Second, this Defendant has every right and standing to challenge the subpoenas issued to its client and accounting firm because it "'claims a personal "right or privilege in respect to the subject matter of a subpoena *duces tecum* directed to a nonparty".'" *(quoting Davis v. Gen. Accident Ins. Co. of Am.,* No. 98-4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999 (citations omitted)). Generally "a motion to quash or modify a subpoena *duces tecum* may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." *National Ben. Programs, Inc. v. Express Scripts, Inc.*, 2011 WL 6009655 at *3 (E.D. Mo. Dec. 1, 2011) (internal quotations omitted) (finding the moving party "clearly has a 'personal right' to control the disclosure of its financial and business records").

This exception to the rule permits a party to move to quash when it "claims 'some personal right or privilege in respect to the subject matter of a subpoena *duces tecum* directed to a nonparty.'" *Davis,* 1999 WL 228944 at *2 (E.D. Pa. Apr.15, 1999) *(quoting Dart Indus., Inc. v. Liquid Nitrogen Proc. Corp. of Cal.,* 50 F.R.D. 286, 291 (D.Del.1970)). In some cases, a movant's personal right or interest in the documents themselves confers standing. *See, e.g., New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.,* No. 98-775, 2000 WL 62315, at *5 (E.D. Pa. Jan.13, 2000) (conferring standing where defendant challenges subpoenas issued to non-party companies and

9

municipalities alleging some personal right in requested documentation containing confidential research, development, and commercial information). The present case fits squarely within this exception to the general rule. State Collection has the requisite standing to seek to quash the subpoenas.

Here, Defendant has standing to challenge the subpoenas on the grounds that they seek confidential business information, impose an undue burden and the Defendant has a "personal right" to control the disclosure of its financial documents. . Plaintiffs' subpoenas, as currently written, are highly intrusive into Defendant's financial affairs. The subpoena requests Defendant to produce "all financial statements (drafts, complete or partial); all income tax returns for 2014 to the present; all communications related to the preparation of the tax returns; all financial statements prepared for purposes of the Fair Debt Collection Practices Act. Clearly these are records that belongs to the Defendant and the Defendant has a "personal right" to control the disclosure of its financial documents. Specifically, Defendant has a personal right regarding the records prepared by its accountants and documents provided to the Defendant's clients and Defendant does not lack standing to make its Motion to Quash.

Finally, Defendant has the right to challenge the subpoenas to the healthcare providers as to those requests that are being made for the second time to avoid the burdensome nature of duplicative requests. And, the propriety of seeking Plaintiff's medical records under the auspices of a Rule 45 subpoena in this case is questionable at best. Plaintiffs are entitled to obtain medical records from their providers, but to include that request in a Rule 45 Subpoena is simply a misuse of the Subpoena power by Plaintiffs' counsel and which offends the duty that counsel has to avoid imposing undue burden or expense on a person subject to a subpoena.

Regarding the merits of the motion, FRCP 26(b) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ.

10

P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears relevant and proportional to the needs of the case." *Id.* However, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." *Id.* Further, "[e]ven if relevant, discovery is not permitted where there is no need shown or compliance would be unduly burdensome, or where harm to the person from whom the discovery is sought outweighs the need of the person seeking the information." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (internal citation omitted). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Id.* at 927 (internal citation omitted). Again, a court may quash or modify a subpoena that requires the disclosure of "a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(d)(3)(B)(i). Similarly, courts must enforce a party's duty to avoid imposing undue burdens, and a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) and 45(d)(1).

Here, the Plaintiffs subpoena requests are unduly burdensome and duplicative and seek to harm important relationships of the Defendant, being its clients and accounting firm. The subpoenas seek to obtain from those clients and accounting firms information that would disclose trade secrets, confidential information and commercial information specific to the Defendant in its business and reputation. The subpoena seeks to obtain documents that have already been provided to the Plaintiffs with no objection having been lodged to the provision of the contract and financial statement, both provided in redacted form. Instead, Plaintiffs seek to go around the defendant hoping to avoid the objections or redactions of confidential and sensitive business information and trade secrets, to obtain those documents from the clients and accounting firm. That action is a violation of the Plaintiff's counsel's duty to refrain from imposing such burdens on non-parties, and this court must

11

enforce that duty and quash the subpoenas in this instance.

## CONCLUSION

For the reasons stated above the Defendant moves the Court to Quash the Subpoenas which are the subject of this action.

Dated this 3d day of March, 2017.

Respectfully submitted,

s/*David M. McDorman*
David M. McDorman, SBN01008732
Attorney for Defendant, State Collection Services, Inc.
2923 Marketplace Dr.
Madison, Wisconsin 53719
Telephone: (608) 271-2202
Facsimile: (608) 271-4009
Email: david@mcdormanlaw.com