UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE SPUHLER and NICHOLE SPUHLER,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

  v.                                      Case No. 16-CV-1149

STTE COLLECTION SERVICES, INC.,

    Defendant.

## DECISION AND ORDER ON PLAINTIFFS' EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL AND DEFENDANT'S EXPEDITED NON-DISPOSITIVE MOTION FOR EXTENSION OF TIME

On December 30, 2016, the plaintiffs filed their amended Class Action Complaint alleging violations of the Fair Debt Collection Practices Act ("FDCPA") in relation to debts they allegedly owe to certain medical care providers. (Docket # 18.) Currently before me are two expedited non-dispositive motions. The defendant moves for an extension of time to respond to the plaintiffs' motion for class certification (Docket # 48) and the plaintiffs move to compel production of documents (Docket # 47). I will address each motion in turn.

*Defendant's Motion for Extension of Time*

On March 3, 2017, I entered an amended scheduling order extending the deadline for the plaintiffs to file any motions for class certification until May 17, 2017. (Docket # 20.) All other dates set forth in the December 16, 2016 scheduling order remain the same. (*Id.*) The plaintiffs filed their motion for class certification on May 12, 2017. (Docket # 39.) The defendant now moves for an extension of time to respond to the plaintiffs' motion. The

defendant states that the plaintiffs' depositions are scheduled for June 22, 2017 and it requests the extension so that it may depose the plaintiffs prior to responding to the motion. (Docket # 48.) The defendant requests an extension until July 7, 2017. The plaintiffs oppose the motion. (Docket # 50.)

I will grant the defendant's motion for extension of time. Whether to grant an extension of time is within my discretion. *See Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 322, 324 (7th Cir. 2010). The defendant moved for an extension of time prior to the deadline for its response brief and noted that it attempted to depose the plaintiffs on May 25, 2017 in an effort to conduct the depositions without disturbing the briefing schedule. The plaintiffs were unavailable, however, until June 22, 2017. For these reasons, I find good cause to extend the time to respond to the plaintiffs' motion for class certification until **July 7, 2017**. The plaintiffs will have until **July 21, 2017** to file a reply brief, if any. The remainder of the Scheduling Order remains in effect. The defendant's motion (Docket # 48) is granted.

*Plaintiffs' Motion to Compel*

On May 1, 2017, I entered an order granting the plaintiffs' motion to compel answers to Interrogatories Nos. 15-18 and Requests for Production Nos. 10-14. (Docket # 38.) The plaintiffs have now filed another motion to compel, arguing that the defendant has failed to provide responses to Requests for Production Nos. 10-14. (Docket # 47.) The plaintiffs state that the defendant's position is that the order was silent as to production, so they need not provide the documents. (*Id.* at 2.)

Although my order should have been crafted more explicitly, in granting the plaintiffs' previous motion to compel, the order contemplated compelling both answers to

2

the interrogatories and the related requests for production of documents. However, the defendants oppose the motion not on the ground that the order did not contemplate Requests for Production Nos. 10-14, but on the ground that the documents the plaintiffs seek are beyond the scope of the discovery requests. (Docket # 51.) That is a different matter altogether. The plaintiffs do not address what specific documents they are seeking; however, it appears that the plaintiffs want to know the names of specific consumers to ascertain whether certain consumers received multiple collection letters, thus diminishing the potential class size. (Pl.'s Br. in Supp. Class Cert. at 8 n.4, Docket # 45.) The defendants state that the plaintiffs are seeking demographic information on potential class members and that the plaintiffs are not entitled to this information until a conditional class is certified. (Docket # 51 at 2-3.)

While the plaintiffs argue that the documents they seek are relevant to the numerosity question and the information is "normal and necessary to identify the class members for purposes of impending class certification motions," (Docket # 47 at 2), the plaintiffs need not identify individual class members prior to class certification. *See Shurland v. Bacci Cafe & Pizzeria on Ogden Inc.*, 259 F.R.D. 151, 158 (N.D. Ill. 2009) ("The case law is clear, however, that a present lack of identifying details such as contact information or the names of class members need not defeat class certification."). Thus, the plaintiffs' motion to compel (Docket # 47) is denied.

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for extension of time (Docket # 48) is **GRANTED**. The defendant has until **July 7, 2017** to file its response brief and the plaintiffs have until **July 21, 2017** to file a reply brief, if any.

**IT IS ALSO ORDERED** that the plaintiffs' motion to compel (Docket # 47) is **DENIED**.

Dated at Milwaukee, Wisconsin this 1st day of June, 2017.

                                                BY THE COURT

                                                *s/Nancy Joseph*
                                                NANCY JOSEPH
                                                United States Magistrate Judge