UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KYLE SPUHLER AND NICHOLE SPUHLER,
on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.                                                      Case No. 16-CV-1149

STATE COLLECTION SERVICES, INC.,

    Defendant.

## DECISION AND ORDER ON DEFEDANT'S MOTION FOR SUMMARY JUDGMENT

Kyle and Nichole Spuhler filed a single count complaint against State Collection Services, Inc. alleging that a debt collection letter sent to them violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The Spuhlers previously filed a motion for class certification, which was granted on October 26, 2017. (Docket # 74.) State Collection has moved for summary judgment dismissing the claims against it. (Docket # 59.) The motion has been fully briefed and is ready for resolution. For the reasons more fully explained below, State Collection's motion is granted in part and denied in part.

### UNDISPUTED FACTS

The Spuhlers incurred medical debts with ProHealth Care and its affiliates. (Defendant's Statement of Undisputed Material Facts ("DMF") ¶ 1, Docket # 58 and Plaintiff's Response to DMF ("Pl.'s Resp.") ¶ 1, Docket # 79.) The Spuhlers' medical debts arose, in part, from services rendered to either Kyle Sphuler, Nichole Sphuler, or their dependents, between December 9, 2013 and August 21, 2015. (DMF ¶ 4 and Pl.'s Resp. ¶

4.) Prior to receiving medical services, ProHealth Care has guarantors sign consent forms, which contain the following disclosure:

> I understand that if my insurance company refuses to pay for the services, regardless of the reason my insurance company gives for that refusal, I will be responsible for payment of these services. If my account becomes delinquent, I understand that, if and as permitted by applicable Federal and state law, the Facility will access my credit file, place my account with a collection agency for further collection activity (including access to my credit file), and may assess interest to my account.

(DMF ¶ 2 and Pl.'s Resp. ¶ 2.) The Spuhlers signed consent forms containing the disclosure prior to receiving services from ProHealthcare and its affiliates. (DMF ¶ 3 and Pl.'s Resp. ¶ 3.) The Spuhlers did not pay the debts arising from the services rendered in full. (DMF ¶ 5 and Pl.'s Resp. ¶ 5.)

ProHealth Care sends four combined billing statements on unpaid balances before turning the unpaid balances over to State Collection. (Plaintiff's Statement of Proposed Additional Facts ("PPAF") ¶ 46, Docket # 79 and Defendant's Reponse to PPAF ("Def.'s Resp.") ¶ 46, Docket # 82.) ProHealth Care uses a standardized billing statement, one of which states that if the account is turned over to a collection agency, interest may be assessed. (PPAF ¶ 47 and Def.'s Resp. ¶ 47.) Because the Spuhlers failed to pay their medical debts, ProHealth Care placed the debts with State Collection for collection. (DMF ¶ 8 and Pl.'s Resp. ¶ 8.)

The Spuhlers received a letter dated May 25, 2016 regarding the debts owed to ProHealth Care. (DMF ¶ 11 and Pl.'s Resp. ¶ 11.) The letter itemized that the Spuhlers owed $10.00 to ProHealth Care Medical Associates, $573.88 to Waukesha Behavioral Medicine Center, and $2,710.09 to Waukesha Memorial Hospital, Inc., for a total of $3,293.97. (DMF ¶ 15 and Pl.'s Resp. ¶ 15, Am. Compl., Exh. A, Docket # 18-1.)

Although State Collection alleges that the itemization accurately described the amount of the debts owed, including principal and interest accrued at the statutory rate of five percent per annum, pursuant to Wis. Stat. § 138.04 (DMF ¶ 16), the Spuhlers argue that although the letter states the "balance due," it does not state that interest is accruing on the balance, the rate of interest accruing, and does not reference what dollar amount would actually satisfy the alleged balance due (Pl.'s Resp. ¶ 16).

In June 2016, the Spuhlers requested verification of the debts and the Spuhlers were provided with copies of itemized statements for the dates of service with ProHealth Care giving rise to the debt at issue. (DMF ¶¶ 24-26 and Pl.'s Resp. ¶¶ 24-26.) The Spuhlers were advised, at that time, that "in addition to the amounts reflected on the enclosed billing statements," State Collection was "also demanding $125.06 in interest pursuant to Wisconsin Statute § 138.04." (DMF ¶ 27 and Pl.'s Resp. ¶ 27.)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

The Spuhlers incurred medical debts with ProHealth Care that were ultimately turned over to State Collection for collection. The Spuhlers received a letter that itemized "amount[s] owed" to three different providers, then listed a "total amount due" of $3,293.97. (Am. Compl., Exh. A.) The Spuhlers allege that the letter violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA because State Collection was not entitled to collect prejudgment interest. They further argue State Collection failed to properly disclose the balance due, specifically, State Collection failed to disclose the accrual of prejudgment interest, failed to disclose that the amount due would vary due to prejudgment interest, and failed to properly itemize what part of the balance due was principal versus interest. (Am. Compl. ¶ 25.)

State Collection moves for summary judgment on the grounds that: (1) the Spuhlers lack standing because they cannot establish a concrete injury-in-fact; (2) Wisconsin law

4

allows for the assessment of prejudgment interest on a medical debt at a rate of five percent per annum pursuant to Wis. Stat. § 138.04; and (3) State Collection accurately and clearly disclosed to the Spuhlers the amount of their debts, as required by the FDCPA, and no other disclosure of interest is required.

1. 15 U.S.C. § 1692e and § 1692f Claims – Attempt to Collect Amount Not Due

The Spuhlers argue that State Collection was not authorized to collect interest on the medical debts. Thus, it violated § 1692f by attempting to collect amounts that it was not due. (Pls.' Resp. Br. at 16, Docket # 78.) State Collection argues that it is entitled, pursuant to Wis. Stat. § 138.04, to collect prejudgment interest on the medical debts at a rate of five percent per annum. The Spuhlers argue that the medical debts being collected by State Collection do not fall under the purview of the Wisconsin Consumer Act; thus, it is improper to collect prejudgment interest on the debts. The Spuhlers further argue that the medical creditors waived the assessment of interest when they failed to impose it on the plaintiffs.

Predjugment interest pursuant to Wis. Stat. § 138.04 is available as a matter of law in Wisconsin on fixed and determinable claims, or where there is a reasonably certain standard for measuring damages. *Sgrignoli v. Paskin & Oberwetter Law Offices, Ltd.*, 96-C-841, 1997 U.S. Dist. LEXIS 24380, at *10-11 (W.D. Wis. Jan. 29, 1997) (citing *Weyenberg Shoe Mfg. Co. v. Seidl*, 140 Wis. 2d 373, 389, 410 N.W.2d 604 (Ct. App. 1987)). The reason for permitting the collection of preverdict interest is that money has a time value, and interest compensates a party for the loss of such value. *Trease v. Tri-State Adjustments, Inc.*, 934 F. Supp. 2d 1016, 1018 (E.D. Wis. 2013). Because the amount due must be liquidated or easily determinable, a genuine dispute over the size of a debt prevents the accrual of interest. *Id.* However, a

dispute over whether a party owes the debt will not prevent that party from being liable for preverdict interest. *Id.* When Wisconsin courts award interest, they look to Wis. Stat. § 138.04 to determine the rate of interest. *Id.* Under § 138.04, the rate for preverdict interest is five percent per year. *Id.*

The Spuhlers argue that because their medical debts are not covered under the Wisconsin Consumer Act, State Collection is not protected by an advisory letter issued by the Wisconsin Department of Financinal Institutions ("WDFI") authorizing the charging of prejudgment interest on medical debts. *Aker v. Americollect, Inc.*, 854 F.3d 397 (7th Cir. 2017) is instructive here. In *Aker*, the defendants, who were attempting to collect medical debts, made two arguments: (1) that interest under Wis. Stat. § 138.04 runs automatically and (2) that the Wisconsin Consumer Act, specifically Wis. Stat. § 426.104(4)(b), creates a safe harbor for people who act in ways approved by the WDFI. *Id.* at 399. But the Seventh Circuit noted that "[o]ne of the two arguments suffices. . . ." *Id.* Thus, I need not address the Wisconsin Consumer Act argument because Wisconsin common law and Wis. Stat. § 138.04 permits the charging of prejudgment interest. *Trease*, 934 F. Supp. 2d at 1018 ("Wisconsin common law authorizes a party which prevails in a breach of contract action to collect preverdict interest, i.e. interest which accrued before the court resolved the claim.").

This is consistent with findings of Wisconsin district courts which have upheld a creditor's imposition of five percent prejudgment interest on medical debts. *Trease*, 934 F. Supp. 2d at 1018 (on debt owed to Aurora Advanced Healthcare, the court found that "where, as here, the amount of a debt is undisputed, prejudgment interest is available as a matter of law"); *Sgrignoli*, 1997 U.S. Dist. LEXIS 24380, at *12 (finding that debt owed to Physicians Plus was fixed and readily determinable from the invoices and thus Wisconsin

law permitted the imposition of prejudgment interest at five percent). Again, the question is whether the amount due is liquidiated or easily determinable and there is no genuine dispute over the size of the debt.

The Spuhlers do not dispute that they incurred medical debts with ProHealth Care and its affiliates and that ProHealth Care maintained accurate invoices. (DMF ¶ 1 and Pl.'s Resp. ¶ 1.) While the Spuhlers argue they are contesting the amounts listed on the May 26, 2016 collection letter because the letter did not state which part of the debt was principal and which part of the debt was interest, (DMF ¶ 16 and Pl.'s Resp. ¶ 16), the Spuhlers put forth no evidence disputing the accuracy of the amount owed to ProHealth Care and its affiliates. Again, they do not dispute the ProHealth Care and its affiliates maintained accurate invoices. (DMF ¶ 1 and Pl.'s Resp. ¶ 1.) Denying owing the debt does not prevent the imposition of prejudgment interest. *Sgrignoli*, 1997 U.S. Dist. LEXIS 24380, at *11. The debts owed are fixed amounts readily determinable from the invoices. (Declaration of Gerri Zambriski ¶ 6, Exh. C, Docket # 61, 61-3.) Accordingly, it is a liquidated claim which entitles State Collection to five percent prejudgment interest on the principal of the debt pursuant to Wis. Stat. § 138.04.

Finally, the Spuhlers argue that ProHealth Care waived the assessment of interest when it failed to impose it on the plaintiffs. Under Wisconsin law, waiver is defined "as a voluntary and intentional relinquishment of a known right." *Attoe v. State Farm Mut. Auto. Ins. Co.*, 36 Wis. 2d 539, 545, 153 N.W.2d 575, 579 (Wis. 1967). Waiver may be shown by conduct. *Id.* The Spuhlers do not dispute that prior to receiving medical services from ProHealth Care, they signed consent forms which included a disclosure stating that if the account becomes delinquent, it will be placed with a collection agency and interest may be

assessed. (DMF ¶¶ 2-3 and Pl.'s Resp. ¶¶ 2-3.) While ProHealth Care does not charge interest while an account is current, it has an arrangement with State Collection once an account goes into collection to charge interest on the account. (Declaration of Nathan E. DeLaudurantey ¶ 3, Exh. A, Second Deposition of Gerri Zambriski at 20-23, Docket # 77, 77-1.) The Spuhlers have presented no evidence that ProHealth waived the assessment of interest.

Because State Collection was entitled under Wisconsin law to collect interest on the medical debts, it is entitled to summary judgment on the Spuhlers' 15 U.S.C. § 1692e and § 1692f claim that State Collection was attempting to collect on an amount it was not authorized to collect.

2. *15 U.S.C. § 1692e and § 1692f Claims – Failure to Provide Notice of Accruing Interest*

In their amended complaint and brief opposing summary judgment, the Spuhlers argue that the collection letter at issue violated § 1692e and § 1692f in two ways. First, they argue that the letter was "unfair, deceptive, and misleading" because the "balance due" listed on the letter failed to disclose the fact that interest was accruing on the account. (Pl.'s Resp. Br. at 5-8.) The Spuhlers argue that the undisclosed accrual of interest creates a "moving target" for consumers seeking to satify their debts and creates the false impression that payment of the "amount due" will satisfy the debt owed. (*Id.* at 7.) Second, the Spuhlers allege that State Collection violated § 1692e by failing to properly break out what part of the balance due was principal versus interest. (Am. Compl. ¶ 25.) State Collection argues that the law only requires the debt collector to give the "bottom line" amount due and is under no obligation to itemize principal and interest or to inform the debtor that interest is accruing on the account.

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Whether a debt collector violated the FDCPA is an objective test, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). While the unsophisticated debtor is considered "uninformed, naive, or trusting," he is nonetheless deemed to possess "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Durkin*, 406 F.3d at 414 (internal quotation and citation omitted).

On summary judgment in an FDCPA case, a mere claim of confusion is not enough to prevail. Rather, the plaintiff must show that the challenge language of the letters unacceptably increases the level of confusion. *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007). Summary judgment may be avoided by showing that the letter, on its face, will confuse a substantial number of recipients. *Id.* Absent a showing that the letter facially will cause such confusion, the plaintiff must come forward with evidence beyond the letter and beyond his or her own statements of confusion that the letter is confusing in order to create a genuine issue of material fact for trial. *Id.*

Here, the Spuhlers allege that the letter is misleading because it fails to break out what part of the balance due was principal versus interest (Am. Compl. ¶ 25.) However, they acknowledge that the "gravamen" of their case is their argument that the collection

9

letter violates §§ 1692e and 1692f by failing to disclose the fact that interest was accruing on the account.

As to the Spuhlers' argument that the letter is misleading because it fails to break out what part of the balance due was principal versus interest, this argument fails. The Seventh Circuit has expressly stated, in considering a § 1692e claim, that a debt collector "need not break out principal and interest; it is enough to tell the debtor the bottom line." *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755, 757 (7th Cir. 2009). In *Hahn*, the plaintiff received a letter saying she owed $1,134.55. According to the letter, $1,051.91 of this was an "AMOUNT DUE" and the remaining $82.64 was "INTEREST DUE." *Id.* at 756. The $1,051.91 included interest that accrued while HSBC was Hahn's creditor. HSBC then sold Hahn's debt to the defendant. The $82.64 in interest was interest that accrued after the defendant purchased the debt from HSBC. The plaintiff argued that the "interest due" statement was false because the $1,051.91 amount also included interest.

The court disagreed, finding that an "amount" that is due can include principal, interest, penalties, attorneys' fees, and other components. *Id.* 756-57. The court stated that a debt collector need not break out principal and interest; it is enough to tell the debtor the bottom line. *Id.* at 757. In other words, the defendant "could have sent [plaintiff] a letter demanding payment of $1,134.55 without saying where this figure came from." *Id.* In also finding the statement immaterial, the *Hahn* court stated that "the difference between principal and interest is no more important to the Fair Debt Collection Practices Act than the color of the paper that HSBC used. A dollar due is a dollar due. Applying an incorrect *rate* of interest would lead to a real injury; reporting interest in one line item rather than another (or in two line items) harms no one . . . ." *Id.*

As to their argument that the collection letter violates §§ 1692e and 1692f by failing to disclose the fact that interest was accruing on the account, the Spuhlers rely principally on *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000) and *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016). In *Miller*, the plaintiff received a dunning letter that stated that the "unpaid principal balance" of the loan was $178,844.65 and added that "this amount does not include accrued but unpaid interest, unpaid late charges, escrow advances or other charges for preservation and protection of the lender's interest in the property, as authorized by your loan agreement. The amount to reinstate or pay off your loan changes daily. You may call our office for complete reinstatement and payoff figures." It then provided an 800 number. *Id.* The plaintiff argued that the dunning letter violated the statutory duty in § 1692g(a) to state the amount of the debt.

The *Miller* court found that the letter did not comply with the FDCPA because the "unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Id.* The court found it was insufficient to provide an 800 number telling the consumer to call. *Id.* The court further stated that:

> It is no excuse that it was "impossible" for the defendants to comply when as in this case the amount of the debt changes daily. What would or might be impossible for the defendants to do would be to determine what the amount of the debt might be at some future date if for example the interest rate in the loan agreement was variable. What they certainly could do was to state the total amount due—interest and other charges as well as principal—on the date the dunning letter was sent. We think the statute required this.

*Id.* at 875-76. Additionally, the court provided "safe harbor" language for the "amount of debt" provision of the FDCPA in cases "like this where the amount varies from day to day." *Id.* at 876. The "safe harbor" language includes a statement that "[b]ecause of interest . . .

that may vary from day to day, the amount due on the day you pay may be greater." *Id.* The court did not mandate that debt collectors use the "form of words" provided by the court, but stated that if a debt collector uses this form, it will not violate the "amount of the debt" provision of the FDCPA. *Id.*

In *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016), the court held that a collection notice violated § 1692e by stating the "current balance" without providing notice that the amount is increasing due to accruing interest or other charges. The *Avila* court held "that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." *Id.* at 77. The *Avila* court suggested the safe harbor language found in *Miller* to minimize litigation under the FDCPA. *Id.* at 76-77.

While *Miller* was a § 1692g case, courts within this circuit have also found the *Miller* language may be used in disputes involving § 1692e and § 1692f. *See Washington v. Portfolio Recovery Assocs., LLC*, 211 F. Supp. 3d 1041, 1051 (N.D. Ill. 2016) ("While the Court agrees that the *Miller* safe harbor was fashioned specifically for § 1692g 'amount of debt' claims, it nonetheless finds *Miller* instructive in evaluating Plaintiff's claims under §§ 1692e and 1692f."); *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-C-132, 2017 WL 2345678, at *3 (E.D. Wis. May 30, 2017); *Wilder v. J.C. Christensen & Assoc., Inc.*, No. 16–CV–1979, 2016 WL 7104283, at *4 (N.D. Ill. Dec. 6, 2016) ("[U]se of the language from *Miller* or *Taylor* remains

instructive for evaluating a Section 1692e claim."); *Tilmon v. LVNV Funding, LLC*, No. 12–CV–734–WDS, 2014 WL 335234, at *3 (S.D. Ill. Jan. 30, 2014).

Additionally, in *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 949 (7th Cir. 2004), the Seventh Circuit made clear that *Miller*'s safe harbor language is to be used in cases where the debt collector is attempting to collect the listed balance plus the interest running on it or other charges:

> Our conclusion does not place debt collectors on a razor's edge, where if they say too little they violate the Act by failing to disclose the amount of the debt they are trying to collect and if they say too much they violate the Act by confusing the consumer. If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the "balance" due, stating that the creditor "has assigned your delinquent account to our agency for collection," and asking the recipient to remit the balance listed-and stopping there, without talk of the "current" balance. If, instead, the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use the safe-harbor language of *Miller* . . . .

In this case, State Collection is not attempting to collect only the amount due on the date the letter was sent. While State Collection argues that the collection letter "clearly and accurately quantified Plaintiffs' debts as of the date of the correspondence" and did not "suggest that any additional, undisclosed sum was hanging out in the ether," (Def.'s Reply Br. at 5, Docket # 80), State Collection does not assert that if the Spuhlers would have paid the "total amount due" it would have fully satisfied their debt. If State Collection was not seeking accruing interest, pursuant to *Hahn*, it would be enough to simply state the "bottom line" due, even though that "bottom line" includes both principal and interest that is not broken out. Because this is a case where State Collection is attempting to collect both the listed balance plus the interest running on it, State Collection was required to use the safe harbor language of *Miller*. *See Chuway*, 362 F.3d at 949.

State Collection interprets *Miller* as stating that the safe harbor, in and of itself, is optional. But that is not how I read *Miller*. Rather, the *Miller* court stated that a debt collector need not use the specific *form of the words* to avoid violating the statute. *Miller*, 214 F.3d at 876. Even though the debt collector may use some other form of words, it must still use the safe harbor "in cases like this where the amount varies from day to day." *Id.* Otherwise, the consumer may believe that by remitting the amount stated in the letter she is satisfying her entire debt when, because of accruing interest, that might not be the case.

State Collection's letter undeniably does not contain any form of *Miller*'s safe harbor language. (Def.'s Reply Br. at 2.) Because State Collection's letter failed to inform the Spuhlers that interest was running on the amount owed, I find there is a triable issue of fact as to whether the collection letter is confusing or unclear on its face. *See Sims v. GC Servs. L.P.*, 445 F.3d 959, 963 (7th Cir. 2006). Thus, State Collection's motion for summary judgment on the Spuhlers' 15 U.S.C. § 1692e and § 1692f claim that the collection letter was misleading because it failed to provide notice of accruing interest is denied.

   3.   *Standing*

State Collection raised the standing issue in its brief opposing the Spuhlers' motion to certify class. I addressed the issue in the decision granting class certification and found that the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing. (Docket # 74 at 3-8.)

State Collection argues, however, that I previously held that the Spuhlers alleged a sufficiently concrete injury-in-fact and the relevant inquiry on summary judgment is whether

the Spuhlers have established sufficient facts to demonstrates they have standing. *See Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 591 (7th Cir. 2016) ("The [plaintiffs] have adequately alleged an injury for purposes of standing. This opens the door of the courtroom to them, but no more. Alleging injury for purposes of standing is not the same as submitting adequate evidence of injury under the statute to survive a motion for summary judgment . . . It is the [plaintiffs'] burden to produce evidence sufficient to demonstrate a violation of the statute.").

State Collection again argues that pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) and the Seventh Circuit's post-*Spokeo* case of *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909 (7th Cir. 2017), the Spuhlers lack standing because they allege a mere statutory violation. As Chief Judge William Griesbach recently addressed in *Pogorzelski v. Patenaude & Felix APC*, No. 16-CV-1330, 2017 WL 2539782, at *4 (E.D. Wis. June 12, 2017), numerous other courts, both from this circuit and from around the country, have rejected *Spokeo*-based standing challenges in the context of FDCPA violations. Because I have found a triable issue of fact as to the statutory violation, I will not address the standing issue further.

## CONCLUSION

State Collection has moved for summary judgment on the Spuhlers' claims pursuant to 15 U.S.C. § 1692e and § 1692f. Because I find State Collection was entitled, pursuant to Wisconsin law, to collect prejudgment interest on the medical debts, State Collection is entitled to summary judgment on the Spuhlers' 15 U.S.C. § 1692e and § 1692f claim that State Collection was attempting to collect on an amount it was not authorized to collect. However, because I find the Spuhlers have created a triable issue of fact as to whether the collection letter was confusing or unclear on its face, State Collection's motion for summary

judgment on the Spuhlers' 15 U.S.C. § 1692e and § 1692f claim that the collection letter was misleading because it failed to provide notice of accruing interest is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion for summary judgment (Docket # 59) is **GRANTED IN PART AND DENIED IN PART**. The defendant's motion is granted as to the plaintiffs' 15 U.S.C. § 1692e and § 1692f claim that State Collection was attempting to collect on an amount it was not authorized to collect. The defendant's motion is denied as to the plaintiffs' 15 U.S.C. § 1692e and § 1692f claim that the collection letter was misleading because it failed to provide notice of accruing interest.

**IT IS FURTHER ORDERED** that the clerk's office will contact the parties to schedule a telephone status conference for further scheduling in this case.

Dated at Milwaukee, Wisconsin this 22nd day of December, 2017.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge