UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| Kyle Spuhler and Nichole Spuhler on behalf of themselves and all others similarly situated, | Civil Action No.: 16-cv-1149-NJ |
| Plaintiff, | **DEFENDANT'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STRIKE PLAINTIFFS' PROPOSED SURREPLY AND FOR SANCTIONS** |
| v. | |
| State Collection Service, Inc., | |
| Defendant. | |

Defendant State Collection Service, Inc. ("State Collection") respectfully requests the Court strike Plaintiffs' proposed surreply to State Collection's Motion for Correction of, or Relief from, Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment or, alternatively, for Certification of Summary Judgment Order for Immediate Interlocutory Appeal and Stay of Proceedings. [Doc. Nos. 88, 98, 98-1.] State Collection further requests the Court order Plaintiffs' counsel—pursuant to its inherent authority and 28 U.S.C. § 1927—to pay State Collection's attorneys' fees incurred in responding to Plaintiffs' improperly-filed L.R. 7(h) motion for leave to file a surreply.

### I. Plaintiffs' Counsel Misrepresented the Record in Support of the L.R. 7(h) Motion, which They Submitted for an Improper Purpose

Plaintiffs' counsel suggest in the L.R. 7(h) motion for leave to file a surreply that the surreply is necessary to respond to a "new" argument State Collection raised in its reply brief. [*See* Doc. No. 98.] Plaintiffs' counsel do not offer any reasoned analysis of this claim; they merely assert that the "surreply is needed to address a single new argument raised in Defendant's Reply … related [*sic*] entry of judgment and the implications of Fed. R. Civ. P. 56(f)." [Doc. No. 98 at 1.] Plaintiffs' counsel's claimed basis for bringing the L.R. 7(h) motion is

demonstrably false.

As a threshold matter, State Collection did not raise *any* arguments concerning Rule 56(f) in any briefing submitted to this Court. Moreover, to the extent Plaintiffs' counsel suggest the "new argument" is the proposition that attempted FDCPA claims involving *Lox* category one and three letters are suitable for disposition as a matter of law, that argument is not "new." [*See* Doc. No. 98 at 2; *see also* Doc. Nos. 89 at 10-14, 98-1 at 1-2, 99 at 1-3.] If Plaintiffs' counsel wished to address this issue—which was fully and substantially briefed in State Collection's principal memorandum of law [*see* Doc. No. 89 at 10-14]—the Local Rules required them to do so in response to State Collection's motion for relief from the summary judgment Order. *See* L.R. 7(b).

A reasonable attorney would have determined from a simple review of the briefing in this matter that this argument is not "new," but was in fact raised in State Collection's principal briefing, and would not have moved for leave to file a surreply on the issue. Having participated in all relevant motion practice and briefing, Plaintiffs' counsel undoubtedly *knew*[1] this, but elected to file the request for a surreply anyway, as a mechanism for asserting a belated and completely improper request for relief under Rule 56(f). [*See* Doc. Nos. 98-1, 99 at 2-3.]

In short, Plaintiffs' counsel's proposed surreply addresses no "new argument" and is submitted for an improper purpose. As a result, State Collection requests that the proposed surreply be stricken. *See Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011) (a surreply "should generally only be allowed for valid reasons, such as when the movant raises new arguments in a reply brief.")

---

[1] In their proposed surreply, Plaintiffs' counsel quote a passage from State Collection's reply brief [*see* Doc. No. 98-1 at 2] as the presumable "new argument," **but omit the citation (without a citation indicator) contained in the quoted reply passage *that cites directly to State Collection's principal briefing on the very same issue*.** [*Id.*; *see also* Doc. No. 97 at 1 (in turn citing Doc. No. 89 at 12-14).]

2

## II. State Collection Is Entitled to an Award of Its Attorneys' Fees Incurred in Responding to the Improper Rule 7(h) Motion

The "district judge has … a wide range of sanctions that he or she may impose." *Insurance Benefit Administrators, Inc. v. Martin*, 871 F.2d 1354, 1359 (7th Cir. 1989). This includes the inherent authority to issue sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991); *see also Reed v. Lincare, Inc.*, No. 11-cv-221, 2012 WL 5906864 (E.D. Wis. Nov. 21, 2012); *see also Eivaz v. Edwards*, No. 12-cv-910, 2014 WL 4698652 (E.D. Wis. Sep. 19, 2014).

In addition, pursuant to 28 U.S.C. § 1927, "any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally … attorneys' fees reasonably incurred because of such conduct." *Id.* "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (internal quotation marks omitted and citing *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)).

A reasonably careful attorney would have recognized that seeking leave to file a surreply on the grounds that the additional briefing responded to a "new" argument when in fact the brief addressed no such "new" argument but instead was filed in an improper attempt to request summary judgment after the dispositive motion deadline (and under a rule that could not *possibly* afford his clients the improper relief sought) was "unsound." This objectively demonstrates the unreasonable and vexatious nature of Plaintiffs' counsel's conduct. Perhaps more importantly, Plaintiffs' counsel *knew* this argument was presented to the Court in State Collection's principal briefing, but chose to file their improper Rule 7(h) motion anyway. As a result, State Collection requests that the Court order Plaintiffs' counsel to pay its reasonable attorneys' fees incurred in responding to the improper Rule 7(h) motion.

3

|  |  |
|---|---|
|  | **BASSFORD REMELE**<br>*A Professional Association* |
| Dated: <u>March 22, 2018</u> | By <u>s/ Patrick D. Newman</u><br>Patrick D. Newman (#1093942)<br>100 South Fifth Street, Suite 1500<br>Minneapolis, Minnesota 55402<br>Telephone: (612) 333-3000<br>pnewman@bassford.com |

**McDorman Law Office**

David M. McDorman
2923 Marketplace Dr.
Fitchburg, WI 53719
Telephone: (608) 271-2202
david@mcdormanlaw.com

*Attorneys for State Collection Service, Inc.*