# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KYLE SPUHLER AND NICHOLE SPUHLER,**
on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.                                                  **Case No. 16-CV-1149**

**STATE COLLECTION SERVICES, INC.,**

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION

Kyle and Nichole Spuhler filed a single count complaint against State Collection Services, Inc. alleging that a debt collection letter sent to them violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The Spuhlers previously filed a motion for class certification, which was granted on October 26, 2017. (Docket # 74.) State Collection moved for summary judgment dismissing the claims against it. (Docket # 59.)

I found that State Collection was entitled, pursuant to Wisconsin law, to collect prejudgment interest on the medical debts; thus, State Collection was entitled to summary judgment on the Spuhlers' 15 U.S.C. § 1692e and § 1692f claim that State Collection was attempting to collect on an amount it was not authorized to collect. However, I found that the Spuhlers created a triable issue of fact as to whether the collection letter was confusing or unclear on its face and thus denied State Collection's motion for summary judgment on

the Spuhlers' 15 U.S.C. § 1692e and § 1692f claim that the collection letter was misleading because it failed to provide notice of accruing interest. (Docket # 84.)

Presently before me is State Collection's motion for correction of, or relief from, the summary judgment order, pursuant to Fed. R. Civ. P. 54(b) or 60(b)(1). (Docket # 88.) State Collection alternatively moves for certification of the summary judgment order for immediate interlocutory appeal and to stay the proceedings. (*Id.*) After briefing the motion, the Spuhlers' filed a motion for leave to file a surreply. (Docket # 98.) State Collection opposes the motion, and has filed a motion to strike the proposed surreply and a motion for sanctions. (Docket # 100.) For the reasons more fully explained below, State Collection's motion for correction of the summary judgment order is granted in part and denied in part. I agree the summary judgment order should be corrected; however, in reconsidering the order, judgment is entered in favor of the plaintiffs. The Spuhlers' motion for leave to file a surreply is denied, as is State Collection's motion to strike the proposed surreply and for sanctions.

## ANALYSIS

*1.    Reconsideration Standard*

State Collection moves for reconsideration of the December 22, 2017 summary judgment order pursuant to Fed. R. Civ. P. 54(b) or 60(b)(1). Fed. R. Civ. P. 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretions of the . . . judge"). A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors

of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)). While "[a] court has the power to revisit prior decisions of its own," courts "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.,* 916 F. Supp. 793, 795 (N.D.Ill. 1996). A motion seeking relief under Rule 54(b), "as a general rule" should be filed within "thirty days after the entry of the adjudication to which it relates." *King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017) (internal quotation and citation omitted).

Rule 60(b)(1) permits the court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." "Mistake" under Rule 60(b)(1) usually involves an inadvertent "misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009). A motion under Rule 60(b)(1) must be made with a "reasonable time" and "no more than a year after the entry of the . . . order . . . ." Fed. R. Civ. P. 60(c)(1). State Collection's motion, filed January 10, 2018, is timely under either rule.

2. *Reconsideration of Summary Judgment Order*

Again, State Collection moved for summary judgment dismissing the Spuhlers' claims in their entirety. I granted in part and denied in part State Collection's motion. State Collection only moves for reconsideration of the finding that the Spuhlers created a triable

issue of fact as to whether the collection letter was confusing or unclear on its face pursuant to 15 U.S.C. § 1692e and § 1692f because it failed to provide notice of accruing interest.

The crux of State Collection's argument is that the order contains a manifest error of law because the decision failed to apply the "three category" framework articulated by the Seventh Circuit. In *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322–23 (7th Cir. 2016) (internal citations and quotations omitted) (emphasis in original) the court stated as follows:

> It is true that for claims under § 1692e, or at least those based on its general prohibitions against false, deceptive, or misleading statements and practices, we have sorted cases into three categories. The first category includes cases in which the challenged language is plainly and clearly not misleading. No extrinsic evidence is needed to show that the debt collector ought to prevail in such cases. The second *Lox* category includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer. In such cases, plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive. The third category is cases in which the challenged language is plainly deceptive or misleading, such that no extrinsic evidence is required for the *plaintiff* to prevail.

State Collection argues that the summary judgment decision did not find that the letter at issue was not confusing or deceptive on its face, nor did it find that the letter was so plainly deceptive or misleading that the Spuhlers should prevail. Thus, State Collection argues that the letter does not fall into category one or three and must fall into category two. Since category two requires the plaintiffs to produce extrinsic evidence to prevail, which the Spuhlers unquestionably failed to do, State Collection argues judgment should have been entered in its favor on this issue. State Collection argues that to the extent the summary judgment decision allowed a collection letter falling under category two to go forward

4

without the production of extrinsic evidence by the plaintiffs, the decision contradicts established Seventh Circuit law.

The Spuhlers do not take issue with the three category approach; rather, they argue that the decision found that the letter fell into category three because it was misleading on its face. The Spuhlers note that they did not file for summary judgment and the language of *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007) states that "[o]ur past cases indicate that summary judgment may be avoided by showing that the letter, on its face, will confuse a substantial number of recipients." (internal quotation and citation omitted).

State Collection replies that if a letter falls into category three, then one of the parties must prevail as a matter of law at the summary judgment stage—no trial is necessary because the letter is plainly deceptive or misleading. The Spuhlers now seemingly agree with State Collection's interpretation of the law, requesting leave to file a surreply brief in which they argue that the collection letter falls into category three and judgment should be entered in their favor. (Docket # 98-1.) State Collection requests this proposed surreply be stricken, arguing the Spuhlers are attempting to belatedly file for summary judgment. (Docket # 100.)

As an initial matter, I agree with State Collection that in the decision and order, I failed to cite to the three category framework. The case law indicates that if a letter falls into category one, summary judgment must be granted for the defendant. If a letter falls into category three, summary judgment must be granted for the plaintiff. If a letter falls into category two and the plaintiff fails to produce extrinsic evidence to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive, summary judgment must be granted for the defendant. *See Ruth v. Triumph*

5

*Partnerships*, 577 F.3d 790, 800-01 (7th Cir. 2009). Because the Spuhlers failed to produce extrinsic evidence, there is no question for the jury to answer and I erred in finding that there was a triable issue of fact as to whether the collection letter is confusing or unclear on its face. The parties do not contend that the letter falls into category one. Thus, the question I must now answer is whether the letter at issue falls into category two or category three.

State Collection argues that I found the letter fell within category two and because the Spuhlers failed to produce extrinsic evidence that the unsophisticated consumer would be deceived or confused by the letter, summary judgment should have been granted in its favor. (Def.'s Br. at 14, Docket # 89.) I did not, however, find that the letter fell into category two. As previously stated, I failed to analyze the letter under the three category framework. The Spuhlers argue that the decision captures the fact that the letter fell into category three because part of the rationale expressed in the decision was State Collection's failure to include anything close to the "safe harbor" language articulated in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). (Pls.' Resp. Br. at 6, Docket # 96.)

State Collection argues the Spuhlers cannot raise for the first time that the letter falls into category three. (Defs.' Reply Br. at 9, Docket # 97.) State Collection argues that the fact neither party was awarded judgment as a matter of law indicates that I found that the letter fell within category two. (*Id.*) But the fact of the matter is that neither party presented or argued the three category approach in their summary judgment submissions, nor did I analyze the letter using this approach. Thus, both parties are arguing, for the first time, and I am analyzing, for the first time, whether the letter falls under either category two or category three.

Courts have found collection letters fall into category three in situations such as when the letter misrepresents the amount of the debt, *see Crafton v. Law Firm of Jonathan B. Levine*, 957 F. Supp. 2d 992, 997 (E.D. Wis. 2013), when the letter threatens legal action the debt collector cannot legally take, *see Magee v. Portfolio Recovery Associates*, No. 12 CV 1624, 2016 WL 2644763 (N.D. Ill. May 9, 2016), and when the letter contains inconsistent deadlines, *see Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997). Although the Spuhlers' letter does not precisely mirror the situation of inaccurately representing the amount of the debt, it most closely resembles this situation. State Collection again challenges the decision's finding that *Miller* requires the debt collector to inform the consumer that interest was running on the amount owed. State Collection argues that the Seventh Circuit has "explicitly" stated that the safe harbor found in *Miller* is not required as a matter of law. (Docket # 89 at 18-19.) Again, what the Seventh Circuit has stated is that the specific *form of the words* found in *Miller* is not required, not that the debt collector need not inform the debtor that interest is accruing on the account. *See Williams*, 505 F.3d at 680 (quoting *Miller*, 214 F.3d at 876) ("The fact that the letter in this case does not adopt the language of the safe harbor is of no consequence. We made clear in *Miller* that 'we do not hold that a debt collector must use this form of words to avoid violating the statute.' Although the safe harbor was offered in an attempt both to bring predictability to this area and to conserve judicial resources, it is compliance with the statute, not our suggested language, that counts.").

Again, this is not a situation as in *Hahn v. Triumph Partnerships LLC*, 557 F.3d 755 (7th Cir. 2009) where the Seventh Circuit found that the debt collector could simply give the "bottom line" number (including principal and interest), without breaking out what part was

7

principal and what part was interest. This is a case where State Collection is attempting to collect both the listed balance plus the interest running on it. Thus, if the Spuhlers paid the "total amount due" listed on the collection letter, it may not fully satisfy their debt. In a recent decision, *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018), the Seventh Circuit applied *Miller* to a § 1692e claim. Although not directly on point, the court's analysis is instructive here. In *Boucher*, the plaintiffs alleged that the defendant's dunning letters were false and misleading because they threatened to impose "late charges and other charges" that could not lawfully be imposed. *Id.* at 364. The defendant argued that it complied with the FDCPA as a matter of law because the allegedly false statement tracked the *Miller* safe harbor language. *Id.* at 365. The defendant admitted that although creditors of medical debts may charge interest, the defendant could not impose "late charges and other charges" under Wisconsin law. Thus, the dunning letter falsely implied a possible outcome. *Id.* at 367.

In addressing *Miller*, the court explicitly found it applied to § 1692e claims as well as § 1692g(a)(1) claims. *Id.* at 369. However, the court found that the defendant was not entitled to safe harbor protection under *Miller* because the defendant's use of the language was inaccurate because it could not lawfully impose "late charges and other charges." *Id.* at 370. Thus, the court held that the defendant cannot immunize itself from FDCPA liability by "blindly copying and pasting the *Miller* safe harbor language without regard for whether the language is accurate under the circumstances." *Id.* at 371.

The defendant argued that debt collectors should use the *Miller* safe harbor language "any time there is reason for the amount owed to increase in the future, whether due to interest, late charges, other charges, or some combination thereof." *Id.* at 370. In support of

this argument, the defendant cited to *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944 (7th Cir. 2004). *Chuway* involved a fixed debt in which the dunning letter encouraged the consumer to call to obtain his or her "most current balance information." *Id.* (citing *Chuway*, 362 F.3d at 947). The *Chuway* court concluded that this statement was confusing because it suggested to the consumer that the defendant was trying to collect additional debt. *Id.* (citing *Chuway*, 362 F.3d at 947-48.) The *Chuway* court advised debt collectors who are collecting fixed debts to simply state the amount due and "'stop[ ] there, without talk of the 'current balance.'" *Id.* (quoting *Chuway*, 362 F.3d at 949). The *Chuway* court continued, "'If, instead, the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use the safe-harbor language of *Miller*.'" *Id.* (quoting *Chuway*, 362 F.3d at 949).

The *Boucher* court rejected the defendant's reliance on *Chuway*, however, stating that the cited statement from *Chuway* was dicta because *Miller* did not apply to the fixed debt in *Chuway*, and because *Chuway* must be read in conjunction with *Miller*, which explained that a defendant is not entitled to safe harbor protection if it provides inaccurate information. *Id.* The court noted that debt collectors must comply with the FDCPA, not the court's "suggested language" and that boiler plate language must be tailored to avoid ambiguity. *Id.* at 371.

Although the defendant argued that *Chuway* stood for the proposition that debt collectors should use the *Miller* safe harbor language any time there is reason for the amount owed to increase in the future, the *Boucher* court did not adopt this position. Rather, it noted that the statement about the *Miller* safe harbor language was dicta because *Miller* did not apply to the fixed debt at issue in *Chuway*. But the *Boucher* court did not reject *Chuway*'s

9

statement, either. Rather, it stated that "our statement in *Chuway* must be read in conjunction with *Miller*, which explained that a defendant is not entitled to safe harbor protection if it provides inaccurate information." *Id.* at 370.

Returning to this case, although the *Boucher* court did not address the issue of whether a letter that fails to alert a consumer of accruing interest is false and misleading on its face, it is clear that the court sees a distinction between fixed and variable debts, noting that *Miller* did not apply to the fixed debt in *Chuway*. *Id.* And this makes sense, because in cases of variable debt, if the debt collector does not inform the consumer that the amount of the debt stated in the letter is increasing over time, the consumer may believe that by remitting the amount stated in the letter she is satisfying her entire debt when, because of accruing interest, that might not be the case.

Interestingly, in this case, State Collection demanded payment in the amount of $3,293.97, consisting of $3,168.91 in principal and $125.06 in interest pursuant to Wis. Stat. § 138.04. (Declaration of Ryan M. Peterson ¶ 3, Exh. B, Docket # 63-2.) Under Wis. Stat. § 138.04, interest accrues at the legal rate of five percent per year. "The general rule as to the time at which interest begins to run on a liquidated claim is that the creditor is entitled to interest from the time payment was due by the terms of the contract and, if no such time is specified, then from the time a demand was made and, if no demand was made prior to the time of commencement of action, then from that time." *Estreen v. Bluhm*, 79 Wis. 2d 142, 158–59, 255 N.W.2d 473, 482 (1977). The earliest medical bill is dated December 9, 2013. (Docket # 63-2 at 3.) Beyond the May 25, 2016 letter's failure to explain that interest would continue to accrue on the unpaid principal, it is unclear from the face of the letter the date on which the outstanding interest was calculated. Again, by not informing the consumer

that the balance due was changing because of accruing interest, an unsophisticated consumer could have incorrectly believed that the stated balance was static, and that payment of that amount would satisfy the debt in full irrespective of when the payment was made. The FDCPA explicitly prohibits the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). I find that the letter in question is misleading, on its face, as to the amount of the debt.

State Collection also argued in its summary judgment pleadings that the alleged misrepresentation was not material, relying on *Hahn*. (Docket # 60 at 13-14.) A statement cannot mislead unless it is material and a statement is material if it would "influence a consumer's decision . . . to pay a debt in response to a dunning letter." *Boucher*, 880 F.3d at 366 (internal quotation and citation omitted). In *Hahn*, the court found that a debt collector need not break out principal and interest; it is enough to tell the debtor the bottom line. 557 F.3d at 757. In also finding the statement immaterial, the *Hahn* court stated that "the difference between principal and interest is no more important to the Fair Debt Collection Practices Act than the color of the paper that HSBC used. A dollar due is a dollar due. Applying an incorrect rate of interest would lead to a real injury; reporting interest in one line item rather than another (or in two line items) harms no one . . . ." *Id.*

But again, this is not simply a situation where interest and principal were not itemized. It is understandable that the consumer is not harmed if she is able to pay the "balance due" and satisfy her debt, even if the "balance due" contains both principal and interest lumped together. Rather, this is a situation where the Spuhlers' "balance due" was continually changing due to accruing interest and thus paying the "balance due" may not have satisfied the debt. I find that the failure to inform the Spuhlers that interest was

11

accruing on their debt would mislead the unsophisticated consumer and because additional charges increase the amount of the debt owed, making it more costly to hold off on payment, the failure to disclose this fact would influence a consumer's decision to pay the debt. *See Boucher*, 880 F.3d at 368. Thus, the failure to inform the consumer about the accruing interest was material.

Finally, turning to the issue of the Spuhlers' surreply, I agree with State Collection that the Spuhlers' surreply is not a true surreply, but an attempt to belatedly move for summary judgment on their claims. Although I agree that the Spuhlers' method is improper, I need not rely on their belated request for summary judgment. District courts have the authority to enter summary judgment *sua sponte*, as long as the losing party was on notice that it had to come forward with all of its evidence. *Ellis v. DHL Exp. Inc. (USA)*, 633 F.3d 522, 529 (7th Cir. 2011). As State Collection acknowledges, if a collection letter falls into category three, one of the parties must prevail as a matter of law. State Collection was on notice of the issue and had the opportunity to argue its position. Thus, I will deny the Spuhlers' request for leave to file a surreply and State Collection's motion to strike the surreply and for sanctions.

State Collection alternatively moved for certification of the summary judgment order for immediate interlocutory appeal. Because final judgment is now entered in favor of the plaintiffs, interlocutory appeal is unnecessary.

## CONCLUSION

State Collection moves for reconsideration of the summary judgment order. I agree that the summary judgment order contains a manifest error of law by failing to follow the Seventh Circuit's three category framework in analyzing the March 25, 2016 collection

letter. Therefore, I will grant State Collection's motion to reconsider the decision. However, I disagree with State Collection's argument that the letter falls into category two. Rather, I find that the letter is misleading on its face, falling into category three. Thus, the Spuhlers are entitled to judgment in their favor as to their 15 U.S.C. § 1692e and § 1692f claim that the collection letter was misleading because it failed to provide notice of accruing interest.

## ORDER

N**OW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to amend/correct the summary judgment order (Docket # 88.) is **GRANTED IN PART AND DENIED IN PART**. The defendant's motion to certify the order for interlocutory appeal is denied.

**IT IS FURTHER ORDERED** that the plaintiffs' motion for leave to file a surreply (Docket # 98) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's motion to strike and for sanctions (Docket # 100) is **DENIED**.

**IT IS FURTHER ORDERED** that judgment is entered in favor of the plaintiffs and against the defendant as to the plaintiffs' 15 U.S.C. § 1692e and § 1692f claim that the collection letter was misleading because it failed to provide notice of accruing interest.

**IT IS FURTHER ORDERED** that the clerk of court will contact the parties to schedule a status conference to address any outstanding issues in this case.

Dated at Milwaukee, Wisconsin this 1st day of August, 2018.

                                           BY THE COURT:

                                           *s/Nancy Joseph*
                                           NANCY JOSEPH
                                           United States Magistrate Judge