# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**KYLE SPUHLER AND NICHOLE SPUHLER,**
on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.                                        Case No. 16-CV-1149

**STATE COLLECTION SERVICES, INC.,**

    Defendant.

---

## DECISION AND ORDER

---

Kyle and Nichole Spuhler filed a single count complaint against State Collection Services, Inc. alleging that a debt collection letter sent to them violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. The Spuhlers previously filed a motion for class certification, which was granted on October 26, 2017. (Docket # 74.) State Collection moved for summary judgment dismissing the claims against it. (Docket # 59.) On December 22, 2017, I granted in part and denied in part State Collection's motion for summary judgment. (Docket # 84.) State Collection moved for reconsideration of the order, and on August 1, 2018, I granted in part State Collection's motion. I agreed the summary judgment order should be corrected and that judgment should be entered in favor of the plaintiffs. Judgment was entered on August 7, 2018. (Docket # 103.)

After determining that final judgment was prematurely entered in this case because there were outstanding legal issues (Docket # 116), I held a status conference with the

parties on November 2, 2018 to address any remaining issues and return this case to a proper procedural track (Docket # 119).

Currently before me is the Spuhlers' motion for approval of the class notice (Docket # 121) and motion to amend the judgment (Docket # 112). Also, the defendants now contest the duration of the class, arguing that the operative class period is August 26, 2015, through the date the Court approves the class notice. (Docket # 126.)

As to the form of the class notice, both the Spuhlers and State Collection submitted proposed notice forms. (Docket # 122-1 – the Spuhlers; Docket # 125-1 – State Collection.) The two notices are nearly identical—the most notable difference is in the second paragraph. The Spuhlers state that the action concerns claims arising under the FDCPA as the result of State Collection "failing to properly disclose: (1) the balance due on collection letters sent"; whereas State Collection states that the action concerns claims arising under the FDCPA as the result of State Collection "failing to provide notice of accruing interest in collection letters." I agree that State Collection's version of the class notice more precisely and correctly reflects my decision in this matter. (Docket # 102.) Thus, I approve State Collection's version of the proposed notice. (Docket # 125-1.)

As to the class duration, the Spuhlers argue that the plain language of the order certifying class limits the class to those who received letters from State Collection from August 26, 2015 until August 26, 2016. August 26, 2016 is the filing date of this lawsuit, and the Spuhlers argue the class was certified to include those who received letters in the one year preceding the filing of this lawsuit. State Collection argues that although the certified class definition includes a time period, it is not clear from the face of the class definition that

it is limited to the one-year period the Spuhlers propose because the language does not specify an end date.

State Collection is correct that the precise parameters defining the class must be readily discernible from the text either of the certification order itself or of an incorporated memorandum opinion. *Ross v. RBS Citizens, N.A.*, 667 F.3d 900, 905 (7th Cir. 2012), *vacated on other grounds*, 569 U.S. 901 (2013). In this case, the order certifying class limits the class to those who received letters from State Collection "within one (1) year from the date of the filing of this action." (Docket # 74 at 19.) Perhaps the language could have been clearer, for example, if it stated that the class was limited to those who received letters from State Collection between August 26, 2015 and August 26, 2016, the date of the filing of the complaint. However, a natural reading of the order is that the duration is from the filing of the action (August 26, 2016) to one year prior (August 25, 2015). I disagree that such a reading of the order renders the certified class definition imprecise. On the contrary, State Collection's proposed ending date (the date the Court approves the class notice) is imprecise—neither party would have known what date this would happen.

Finally, I deferred ruling on the Spuhlers' motion to amend the judgment (Docket # 112) until the court of appeals remanded the case to this Court (Docket # 116). Now that the case has been remanded, I vacate the judgment entered on August 7, 2018. An amended judgment will be entered after all remaining legal issues have been resolved.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiffs' motion to certify class (Docket # 121) is **GRANTED IN PART AND DENIED IN PART**. The order

certifying class limits the class to those who received letters from State Collection from August 26, 2015 to August 26, 2016.

**IT IS FURTHER ORDERED** that State Collection's version of the class notice (Docket # 125-1) is approved.

**FINALLY, IT IS ORDERED** that the plaintiffs' motion to amend the judgment (Docket # 112) is **GRANTED**. The judgment entered on August 7, 2018 is **VACATED**. Final judgment will be entered after all remaining legal issues have been resolved.

Dated at Milwaukee, Wisconsin this 30th day of November, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge