# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KYLE SPUHLER AND NICHOLE SPUHLER,**
on behalf of themselves and all others similarly situated,

    Plaintiffs,

    v.                                                Case No. 16-CV-1149

**STATE COLLECTION SERVICES, INC.,**

    Defendant.

## DECISION AND ORDER ON PLAINTIFFS'
## MOTION FOR RECONSIDERATION

Kyle and Nichole Spuhler move for reconsideration of the May 21, 2019 decision and order awarding them $80,000.00 in attorneys' fees. (Docket # 143.) In the decision, I reduced Attorney Heidi Miller's requested hourly rate of $300.00/hour to $220.00/hour, Attorney Nathan DeLadurantey's requested hourly rate of $350.00/hour to $300.00/hour, and Attorney Thomas J. Lyons, Jr.'s requested hourly rate of $450.00/hour to $350.00/hour. (Docket # 139 at 3–6.) The Spuhlers move for reconsideration pursuant to Fed. R. Civ. P. 60(b)(6) of the portion of the decision reducing these three attorneys' hourly rates. For the reasons more fully explained below, the Spuhlers' motion for reconsideration is denied.

## ANALYSIS

*1. Reconsideration Standard*

The Spuhlers move for reconsideration of the May 21, 2019 decision and order pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) permits the court to relieve a party from

an order for "any other reason that justifies relief." This is an "open-ended," catchall rule that is flexible, giving courts "wide discretion." *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018). While relief under this rule is only available in extraordinary circumstances, courts may consider a wide range of factors to determine if such circumstances are present. *Id.* These factors may include the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process. *Buck v. Davis*, 137 S. Ct. 759, 778 (2017). A motion under Fed. R. Civ. P. 60(b)(6) must be brought within a reasonable time after the entry of the order. Fed. R. Civ. P. 60(c)(1). State Collection does not assert that the Spuhlers' motion, brought less than two months after the date of the order, is untimely. (Docket # 145.) State Collection argues, however, that the Spuhlers' motion and its belatedly-filed affidavits to support a higher hourly rate does not present the kind of "extraordinary circumstances" that would warrant reconsideration. (*Id.*)

  2. *Reconsideration of the Hourly Rates*

The Spuhlers move for reconsideration of the reduction of Attorney Miller's, Attorney DeLadurantey's, and Attorney Lyons' hourly rates. They ask that counsel be awarded the rates as originally requested. Regarding Attorney DeLadurantey, while the Spuhlers acknowledge that he has "[m]ost certainly" been awarded fees at $300.00/hour, the best measure of the cost of an attorney's time is his standard hourly rate and Attorney DeLadurantey's standard hourly rate is $350.00/hour. The Spuhlers provide declarations from several of Attorney DeLadurantey's former hourly paying clients who state that they paid him $350.00/hour for his legal services. (Declaration of Nathan E. DeLadurantey, ¶ 3, Ex. A.) As to Attorney Lyons, the Spuhlers similarly argue that hourly paying clients have agreed to pay him between $400.00–$450.00/hour. (Docket # 143 at 3–4.) However, for

Attorney Miller, the Spuhlers simply assert that if the "market bears the rate of $350 an hour for Attorney DeLadurantey, then the market rate of $300 an hour is warranted for Attorney Miller's time." (*Id.* at 3.)

These arguments were already thoroughly considered and rejected in the original decision and order. (Docket # 139 at 3–6.) Even under the catchall provision of Rule 60(b)(6), reconsideration is not the appropriate forum for rehashing previously rejected arguments. *Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.")). The Spuhlers have not presented the type of extraordinary circumstances warranting Rule 60(b) relief. For these reasons, the Spuhlers' motion for reconsideration is denied.

**ORDER**

N**OW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiffs' motion for reconsideration (Docket # 143) is **DENIED**.

Dated at Milwaukee, Wisconsin this 31st day of July, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge